**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **SHANON NOEL CRUMBLEY,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **A-23-CV-00016-RP-SH** |
| | § | |
| **JOHN GREENWOOD and** | § | |
| **JUDGE JOHN GAUNTT,** | § | |
| *Defendants* | § | |

**ORDER AND REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

**TO:    THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff Shanon Noel Crumbley's Complaint (Dkt. 1); Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2); and Plaintiff's Application for Permission to File Electronically (Dkt. 3), all filed on January 5, 2023. The District Court referred this case to the undersigned Magistrate Judge for disposition of the Application and Report and Recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge Robert Pitman.

**I.    Order Granting *In Forma Pauperis* Status**

After reviewing Plaintiff's Application, the Court finds that she is indigent. Accordingly, the Court **HEREBY GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2), **GRANTS** Plaintiff *in forma pauperis* status, and **ORDERS** her Complaint to be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should

be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although she has been granted leave to proceed *in forma pauperis*, a Court may impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the Court has conducted a § 1915(e) review of the claims made in the Complaint and recommends that Plaintiff's claims should be dismissed under 28 U.S.C. § 1915(e). Therefore, service on the Defendant should be withheld pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, service should be issued on the Defendant at that time.

The Court also **GRANTS** Plaintiff's Application for Permission to File Electronically (Dkt. 3).

## II.    Section 1915(e)(2) Frivolousness Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly

baseless," a category encompassing "fanciful," "fantastic," and "delusional" allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28).

Plaintiff brings this civil rights action under 42 U.S.C. § 1983 against Lampasas County District Attorney John Greenwood and Lampasas County District Judge John Gauntt ("Defendants"). Plaintiff alleges that she was arrested[1] in June 2020 and detained in Lampasas County jail for 30 days between June and July 2022. Plaintiff alleges that since that time she has had "to return to Lampasas every month" for hearings and drug tests, which costs her more than $500 each time. Dkt. 1 at 6. Plaintiff alleges that Defendants are disrupting her life and finances "because they keep insisting I show up for hearings where nothing is being accomplished." *Id.* Plaintiff alleges that Defendants' actions have violated her Fourth Amendment right to be free from unlawful search and seizures, her Sixth Amendment right to a speedy trial, and her Eighth Amendment right to be free from excessive bail and cruel and unusual punishment. Plaintiff asks the Court to (1) "put a stop to these men over exhausting the powers given to them to hurt innocent people"; (2) return her $2,500 bond; and (3) award her $120,000 in damages for "loss of income." *Id.* at 7.

The Court recommends that Plaintiff's lawsuit should be dismissed under § 1915(e)(2)(B) because Defendants are immune from Plaintiff's damages claims and the *Younger* abstention doctrine bars her claims for injunctive relief. *Younger v. Harris*, 401 U.S. 37 (1971).

---

[1] Plaintiff does not state why she was arrested, but the Lampasas County District Court website shows that she was indicted for possession of a Penalty Group 1 controlled substance and appeared for a pretrial hearing before the Lampasas County District Court on August 5, 2022. *See* https://www.co. lampasas.tx.us/page/lampasas.CountyCourtDockets at June 12, 2020. The Court takes judicial notice of the state court docket under Federal Rule of Evidence 201. *Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (holding that district court may take judicial notice of state court docket); *see also Davis v. Bayless*, 70 F.3d 367, 372 (5th Cir. 1995) (taking judicial notice of state court orders).

### A.  Claims for Damages

Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions. *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial or "taken in the complete absence of all jurisdiction." *Id.* at 11-12. A judge's acts are judicial if they are "normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Id.* at 12.

Plaintiff alleges that Judge Gauntt ordered her to attend hearings in person, treated Plaintiff "like a criminal," and failed to return her bail. The conduct alleged clearly falls within a judge's judicial capacity. *See Mireles*, 502 U.S. at 12 ("A judge's direction to court officers to bring a person who is in the courthouse before him is a function normally performed by a judge."); *Barnes v. Madison,* 79 F. App'x 691, 701 (5th Cir. 2003) (setting bond is a judicial act shielded by absolute judicial immunity); *Sanders v. Itawamba Cnty.*, No. 1:18-CV-116-RP, 2018 WL 3846314, at *2 (N.D. Miss. Aug. 13, 2018) (stating that accepting a plea and sentencing a defendant are functions normally performed by judges), *aff'd*, 772 F. App'x 254 (5th Cir. 2019)). Plaintiff does not allege any actions by Judge Gauntt that are nonjudicial in nature. Defendant Gauntt therefore is entitled to absolute judicial immunity, and Plaintiff's claims against him should be dismissed as frivolous. *See Boyd*, 31 F.3d at 285 (holding that plaintiff's claims against judge were properly dismissed as frivolous where plaintiff did not allege that any acts were nonjudicial).

4

District Attorney Greenwood also is entitled to immunity from Plaintiff's Section 1983 suit. Prosecutors enjoy absolute immunity for conduct "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 342-43 (2009) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Prosecutorial immunity is based on the concern that "harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." *Imbler*, 424 U.S. at 422. A prosecutor remains entitled to absolute immunity "even if he or she acted maliciously, wantonly, or negligently." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 739 (5th Cir. 2019). "A prosecutor is absolutely immune for initiating and pursuing a criminal prosecution, for actions taken in her role as advocate for the state in the courts, or when her conduct is intimately associated with the judicial phase of the criminal process." *Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir. 2016). Because Plaintiff's claims against District Attorney Greenwood all involve actions intimately associated with the judicial phrase of the criminal process, District Attorney Greenwood is entitled to immunity from this suit.

**B.  Claims for Injunctive Relief**

Plaintiff also asks the Court to order Defendants to stop exercising their powers over her and return her $2,500 bond. These claims for injunctive relief are barred by the abstention doctrine established by the Supreme Court in *Younger*, 401 U.S. at 45. The Court held that, absent "extraordinary circumstances where the danger of immediate loss is both great and immediate," federal courts should not intervene in pending state court criminal proceedings. *Id.*

Plaintiff asks the Court to enjoin state criminal proceedings, "which is precisely the crux of what *Younger* forbids a federal court to do." *Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. 2014).

Plaintiff makes no argument why the failure to address her constitutional claims would result in irreparable injury that is both great and immediate such that *Younger* should not apply. For these reasons, Plaintiff's claims for injunctive relief also must be dismissed. *Id.*

### III.    Recommendation

The undersigned **RECOMMENDS** that the District Court **DISMISS with prejudice** Plaintiff's lawsuit as frivolous under 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

### IV.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on January 10, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE